[No. 9946. Department Two. May 24, 1912.]

P. C. Perkins, *Appellant,* v. Matt Lyons *et al.,* *Respondents.*[1]

Appeal—Review—Pleadings—Amendments. Upon appeal, pleadings will be deemed amended to correspond to proofs admitted without objection as within the issues raised by the pleadings.

Specific Performance — Defenses — Fraud — Evidence — Sufficiency. Where an exchange of property was negotiated by a broker, who dealt with different parties apart and secured their assent and signatures by falsely representing to one that the other had agreed to his terms, the broker, who subsequently acquired an interest in part of the property exchanged, is guilty of such fraud as to preclude himself and his assignee from enforcing specific performance of the exchange, after it had been repudiated and rescinded by the parties thereto.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered April 25, 1911, dismissing, on the merits, an action for specific performance, after a trial to the court. Affirmed.

*M. O. Pickett* and *T. P. & C. C. Gose,* for appellant.

*Rader & Barker,* for respondents Todd.

*J. G. Thomas* and *W. A. Toner,* for respondents Thomas *et al.*

Per Curiam.—The respondents Lyons owned certain farm lands, situated in Columbia county, in this state, and the respondents Todd and DeRuwe owned certain lands, situated in Waitsburg, in Walla Walla county. In August, 1910, the respective parties had their lands listed for sale with a real estate firm doing business at Waitsburg. This firm induced the parties to execute an agreement in writing for an exchange of the properties; the owners of the Waitsburg property agreeing therein to pay the owner of the Columbia county property, as boot money, the sum of $12,000, on or

[1]Reported in 123 Pac. 793.

before ten years from the date of the sale, with interest at 6 per cent per annum, the payment to be secured by mortgage on the Columbia county lands. Subsequently, abstracts of the lands were made out and examined, and deeds to the respective properties were executed and left with an attorney.

After the execution of the first named agreement, the respondents Lyons entered into an agreement with F. S. Boyles, a member of the firm of brokers with whom the properties were listed for sale, by the terms of which the respondents agreed to convey the Waitsburg land to Boyles. Boyles subsequently assigned the contract to the appellant Perkins. Subsequently, the parties to the original contract mutually agreed to rescind it; whereupon the appellant brought the present action to enforce a specific performance, in so far as it is necessary in order for him to obtain the benefit of the contract between Lyons and Boyles, of which he is the assignee. The trial court made no formal findings, but in the judgment entered it is recited that the several contracts are fraudulent and inoperative and should be delivered up for cancellation.

In this court the appellant makes the point that fraud was never an issue in the cause, not having been alleged in any of the several answers filed by the respondents; but whether this is true or not we have not been able to verify, as the answer of the Todds has not been included in the transcript. The record, however, shows that fraud was an issue at the trial. The respondents Todd and DeRuwe offered evidence, which was admitted without objection, and which tended to show that they had been induced to sign the first contract of sale through misrepresentation and false statements made to them by the representative of the agency having the properties for sale; and inasmuch as the parties and the trial court treated the evidence as within the issues, this court will do so also, treating the pleadings as amended to correspond therewith.

On the questions of fact presented, we think the evidence supports the conclusion of the trial judge. DeRuwe and the Todds owned unequal interests in the Waitsburg land, and the Todds were unwilling to make the exchange if they had to take a greater interest in the Columbia county lands than one-fifth thereof, while DeRuwe insisted that they should take a half interest therein. Boyles procured their signature to the contract by treating with them apart from each other, and representing to the one that the other had agreed to his terms. When the parties consulted together and discovered the true condition, they repudiated the contract. This it seems to us is such a fraud as would prevent Boyles from enforcing a specific performance of the contract, or recovering damages in lieu of such specific performance; and as Boyles cannot recover, his assignee, who has no better right, likewise cannot recover.

The judgment appealed from is right and will stand affirmed.